UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

v.                                                                               **ORDER**

SHANAY OUTLAW,                                              20-CR-00626 (PMH)

                                                  Defendant.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

        On August 28, 2023, Defendant filed a letter seeking a reduction of restitution payments while incarcerated. (Doc. 702). The Government filed its response on September 6, 2023. (Doc. 705).

        On January 26, 2022, the Court sentenced Defendant to, *inter alia*, 36 months' imprisonment, forfeiture of $30,000, and $50,000 in restitution. (Docs. 333-35). The Court ordered, at sentencing, a restitution payment schedule which provides in relevant part as follows:

> While serving the term of imprisonment, the Defendant shall make installment payments toward her restitution obligation in conjunction with the Bureau of Prisons' (BOP) Inmate Financial Responsibility Plan (IFRP). Pursuant to BOP policy, the BOP may establish a payment plan by evaluating the Defendant's six-month deposit history and subtracting an amount determined by the BOP to be used to maintain contact with family and friends. The remaining balance may be used to determine a repayment schedule. BOP staff shall help the Defendant develop a financial plan and shall monitor the inmate's progress in meeting her restitution obligation.

(Doc. 335 at 2-3).

        Defendant, incarcerated at Alderson Federal Prison Camp in West Virginia, was previously paying $25 per month toward her $50,000 restitution obligation. The payment amount was recently raised to $356 per month. Her instant request seeks to restore the monthly payment amount to $25 per month.

"The IFRP, set forth in 28 C.F.R. § 545.10 *et seq.*, provides that a 'unit team shall review an inmate's financial obligations' and develop a 'financial plan' based on a formula to help the inmate meet his financial obligation. 28 C.F.R. § 545.11(a)-(b)." *Figueroa v. Lovett*, No. 20-CV-01517, 2023 WL 5108368, at *4 (N.D.N.Y. July 20, 2023), *adopted by*, 2023 WL 5097975 (N.D.N.Y. Aug. 9, 2023). Because challenges to the IFRP such as this are properly brought by way of habeas petition, defendants must first exhaust their administrative remedies prior to filing a petition. *See, e.g., Eaton v. Recktenwald*, No. 13-CV-04446, 2014 WL 2200458, at *4 (S.D.N.Y. May 27, 2014). Moreover, any habeas petition challenging the IFRP restitution payment amount shall be filed in the inmate's current judicial district, which in this case is the District of West Virginia. *Figueroa*, 2023 WL 5108368, at *1; *Eaton*, 2014 WL 2200458, at *2, *4; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.'" (quoting 28 U.S.C. § 2241(a))).

Defendant has not alleged that she exhausted administrative remedies, and the Government represents that she has not filed any administrative claim. The failure to exhaust administrative remedies is fatal to her request. Further, the request is improperly brought in the Southern District of New York, while she is presently confined in West Virginia. For these reasons, Defendant's request must be denied.[1] Should Defendant subsequently file a habeas petition, it should be filed in her current judicial district.

Accordingly, Defendant's request to reduce restitution payments while incarcerated is DENIED.

---

[1] Assuming, *arguendo*, that Defendant properly exhausted her administrative remedies and properly presented this challenge by way of habeas petition in her district of confinement, the request would still be denied. Defendant received $2,712.83 in Trust Fund deposits during the last six months, which, pursuant to the IFRP formula, BOP policy, and the Court's restitution order, results in the $356 current monthly payment amount. (*See* Doc. 705 at 2).

The Clerk of Court is respectfully directed to mail a copy of this Order to the defendant at: Shanay Outlaw, #19841-509, Alderson Federal Prison Camp, P.O. Box A, Alderson, WV 24910.

**SO ORDERED.**

Dated: White Plains, New York
       September 7, 2023

_____
Philip M. Halpern
United States District Judge